An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

REGINALD FRANKLIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60808

**FILED**

OCT 1 7 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Reginald Franklin's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

Franklin contends that the district court erred by failing to conduct an evidentiary hearing on his claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsels' performance was deficient and resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Kirksey v. State*, 112 Nev. 980, 997, 923 P.2d 1102, 1114 (1996) (adopting the *Strickland* test). A petitioner is entitled to an evidentiary hearing *only* if he asserts specific factual allegations that are not belied or repelled by the record and that, if true, would entitled him to relief. *Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). "We review the district court's determination that a petitioner is not entitled to an evidentiary hearing for abuse of discretion." *Stanley v. Schriro*, 598 F.3d 612, 617 (9th Cir. 2010).

First, Franklin claims that the district court erred by failing to conduct an evidentiary hearing on his claim that trial counsel was

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31156

ineffective for failing to cross-examine the victim about the distinctive markings on Franklin's body. Franklin argued that these markings were very noticeable during sexual activity and the victim's inability to describe them would have "decimated" his credibility. However, the district court found that trial counsel "extensively and thoroughly cross-examined the victim," the record on appeal supports the district court's finding, and we conclude that the record repels Franklin's claim that trial counsel's performance was deficient in this regard.

Second, Franklin claims that the district court erred by failing to conduct an evidentiary hearing on his claim that trial counsel was ineffective for failing to call the victim's stepfather's roommate as a witness. Franklin argued that the roommate would have provided testimony that "negatively affected [the victim's] credibility regarding his version of events and times that said events took place." The district court found that "relying on this single witness would not have changed the outcome of the trial." We conclude that Franklin failed to provide specific factual allegations tending to demonstrate a reasonable probability that the outcome of the trial would have been different had this witness been called to testify. *See Strickland*, 466 U.S. at 694 (stating the test for establishing prejudice in an ineffective-assistance-of-trial-counsel claim).

Third, Franklin claims that the district court erred by failing to conduct an evidentiary hearing on his claim that appellate counsel was ineffective. Franklin argued that appellate counsel failed to pursue valid legal issues on direct appeal and failed to consult with him on issues that he believed were important. The district court found that Franklin failed to present any non-frivolous claims that he wanted appellate counsel to raise or demonstrate that these claims would have been successful on

direct appeal. We conclude that Franklin failed to provide specific allegations tending show that appellate counsel omitted issues that had a reasonable probability of success on appeal. *See Kirksey*, 112 Nev. at 998, 923 P.2d at 1114 (stating the test for establishing prejudice in an ineffective-assistance-of-appellate-counsel claim).

Having concluded that the district court did not abuse its discretion by determining that Franklin was not entitled to an evidentiary hearing on his claims of ineffective assistance of counsel, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.       _____, J.
Parraguirre                                Cherry


cc:   Hon. Douglas E. Smith, District Judge
      The Kice Law Group, LLC
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

